UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH B. ROAGERS,

    Petitioner,

v.                                    Case No. 5:02-cv-332-Oc-10GRJ

DANNY WILKINS, et al.,

    Respondents.
_____

## ORDER DENYING THE PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## Procedural History

Petitioner was charged by amended information in Sumter County, Florida, with one count of driving while license suspended or revoked causing death or great bodily harm. Petitioner was found guilty by a jury. On July 21, 1997, Petitioner was sentenced to 25 and one-half years in prison under the 1995 Florida State sentencing guidelines. Petitioners' conviction and sentence were affirmed on appeal.

On May 28, 1999, Petitioner filed a motion for post conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure. In that motion, Petitioner alleged that his sentence was illegal because the 1995 sentencing guidelines were unconstitutional. The trial court reserved ruling on Petitioner's motion pending the

outcome of the Florida Supreme Court's review of this issue in <u>Heggs v. State</u>, 718 So.2d 263 (Fla. 2d DCA 1998). Ultimately, the Florida Supreme Court found the 1995 guidelines unconstitutional in <u>Heggs</u> and Petitioner was resentenced under the 1994 sentencing guidelines. At his resentencing, Petitioner received a sentence of 154.25 months imprisonment (12.85 years). That sentence was affirmed on appeal June 19, 2001.

On March 31, 2002, Petitioner filed a motion to correct illegal sentence under Fla.R.Crim.P. 3.800. In that motion, Petitioner alleged that his sentence was illegal because it exceeded the statutory maximum. Petitioners' motion was summarily denied on May 7, 2002, and that Order was affirmed on appeal on June 25, 2002. A motion for rehearing was denied and the Florida Supreme Court dismissed Petitioner's request for review for lack of jurisdiction.

On October 29, 2002, Petitioner filed a state petition for writ of habeas corpus alleging that his sentence was illegal because it exceeded the statutory maximum. Petitioners' state habeas was denied as procedurally barred on January 10, 2003. Petitioner filed the instant case on November 11, 2002.

## Timeliness of Petition

Respondents concede that the Petition was timely filed within the one-year limitation period under 28 U.S.C. § 2244(d)(1).[1]

---

[1] Response to Petition (Doc. 7) at 4.

### **Claims of Petition**

Petitioner asserts that he is being denied due process because his state sentence exceeds the statutory maximum.

### **Exhaustion/Procedural Bars**

The Respondents concede that Petitioner has properly exhausted this issue in the courts of the State,[2] and that there are no procedural bars that would otherwise preclude federal review of this claim.[3]

### **Evidentiary Hearing**

For the reasons stated herein, Petitioner is not entitled to an evidentiary hearing.[4] The pertinent facts of the case are fully developed in the record before the Court.[5] No additional evidentiary proceedings are required.[6]

### **Merits of Claim**

For the reasons stated by the Respondents in their Response to the Petition (Doc. 7), Petitioner does not raise an issue of Constitutional error.[7] Although

---

[2] Id at 5.

[3] See 28 U.S.C. § 2254(b); see also Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner.").

[4] Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999).

[5] Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992).

[6] High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McClesky v. Zant, 499 U.S. 467, 494 (1991)) cert. denied, 121 S.Ct. 1237 (2001).

[7] See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) ("In the area of state sentencing guidelines . . . , we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures. This limitation . . . is of equal force when a petition, which actually involves state law issues, is couched in terms of equal

couched as a due process claim, Petitioner is actually arguing that the state failed to properly apply its own sentencing guidelines. The Florida State courts have repeatedly considered and rejected Petitioner's claim. Because it is not the province of this Court to "reexamine state-court determinations on state-law questions,"[8] Petitioner's claim is not cognizable on federal habeas review.[9]

## Conclusion

For the reasons set forth in this order, the Petition for Writ of Habeas Corpus Pursuant to § 2254 is **DENIED with prejudice**. The clerk is directed to enter judgment denying the petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 4th day of October 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

c: Kenneth B. Roagers
  Counsel of Record

---

protection and due process") (citations and quotations omitted); Johnson v. Singletary, 883 F.Supp. 1535, 1543 (M.D. Fla. 1995) (the law is well settled that federal courts cannot review a state's error in applying its own sentencing guidelines); Rodwell v. Singletary, 114 F.Supp.2d 1308, 1311 (M.D. Fla. 2000) (it is inappropriate to conduct a review of a state sentencing issue).

[8] See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-480 (1991).

[9] Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983) (a state's interpretation of its own laws does not provide a basis for federal habeas relief).